## AMES v. MACLAY et al.

1. DISCHARGE OF SURETY. Where an action was brought against a sheriff and the sureties on his bond, and the sureties answered severally, and judgments were recovered against them, after which there was a trial of issues joined between the plaintiff and the principal on the bond, and a verdict was returned, and a judgment was entered in favor of such principal, it was held that a Court of equity should perpetually enjoin the enforcement of the judgments against the sureties.

*Appeal from Clinton District Court.*

MONDAY, DECEMBER 15.

COMPLAINANT and others were the sureties upon the bond of one McDonald, who was elected Sheriff of Clinton County in 1851. For an alleged non-feasance, Maclay sued on this bond in 1854. The principal and his sureties severed in their defenses. A demurrer of the sureties in that action to the reply of the plaintiff was overruled, and judgment was rendered against them. On the trial of the issues between Maclay and the Sheriff, the latter succeeded. A motion was made by the sureties to set aside the judgment against them, which, as far as shown by the record, was not determined. Complainant now brings this bill to set aside said judgment. The cause was referred to a Master, who recommended that the bill should be dismissed. This report was confirmed, and complainant appeals.

*A. R. Cotton*, for the appellant, relied upon 2 Story Eq. Jur., §§ 730, 731; *Taylor* v. *Herrick*, 4 Des.; *Baker* v. *Briggs*, 8 Pick., 122; *Neimcewicz* v. *Gahn et al.*, 3 Paige Ch., 614; *Bangs* and *Alcott* v. *Strong*, 7 Hill, 250; Burge on Suretyship, 409; Chitty on Contracts, 676; *Jackson* v. *Griswold*, 4 Hill, 529; *Couch* v. *Waring*, 9 Conn., 261; *The Commonwealth for the use* v. *Miller* v. *Vanderslice and another, administrators of Miller*, 8 Serg. & R., 451; *Carpenter* v. *King*, 9 Met., 511; *The Manufacturers' and*

*Mechanics' Bank* v. *The Bank of Pennsylvania*, 9 Watts & Serg., 335; *Storms* v. *Thorn*, 3 Barb., 314; *Hubbell* v. *Carpenter*, 5 Id., 520.

*Grant & Smith*, for the appellee, cited *Housten* v. *Wolcott & Co.*, 7 Iowa, 173; *Penny* v. *Martin*, 4 Johns. Chan., 566; *Ballance* v. *Loomis*, 22 Ill., 82; *McGrew* v. *Tombigbee Bank*, 5 Port. (Ala.), 547.

WRIGHT, J.— The judgment upon demurrer against the sureties was rendered on the 4th of March, 1848. The verdict and judgment in favor of McDonald, the principal, was on the 5th of the month.

Respondents resist the relief asked, upon the ground that there was neither accident, mistake, misrepresentation nor fraud, and that chancery has no jurisdiction, although the party has lost his remedy at law through ignorance of a fact which he might have learned with due diligence and inquiry, or by bill of discovery. *Penny* v. *Martin*, 4 John. Ch., 566. Or, the same principle may it be stated as in *Ballance* v. *Loomis*, 22 Ills., 82, that if a party seeks to set aside a judgment by proceeding in Chancery, he must show himself clear of all laches, and also that every effort was made to prevent a judgment against him. Or, still again, as in *Kreichbaum* v. *Bridges & Powers*, 1 Iowa, 14, following Story's Eq. Jur., § 887, that to authorize relief against a judgment, it must appear that it is against conscience to execute it, and also that the injured party could not have availed himself of the main facts, at or before the trial, and that there was no fault or negligence on his part. And see *Houston* v. *Wolcott*, 7 Iowa, 173.

Complainant does not controvert these principles, but places his case upon the ground that as the principal, McDonald, by the verdict and judgment was discharged from his liability, the sureties are, in equity, discharged. And this proposition he bases upon the doctrine that the

rights of the surety, and his relation to his principal, are the same after as before judgment, and that when from any cause the principal ceases to be bound, the liability of the surety should likewise cease. Or, following *Jackson* v. *Griswold*, 4 Hill, 529, the argument is this : that a decision against the debt discharges the surety. And this, not upon the ground that he is a party to such decision, but because the judgment extinguishes the debt; and the principal thing being thus destroyed, the incident, (the obligation of the surety,) is destroyed with it. The effect is the same as a release by the creditor, or a payment by the debtor, who may do any act in discharge of his surety, but nothing by which he shall be concluded beyond his original objection.

As favoring these views, complainant cites a number of cases, to the effect that if the creditor after judgment, shall disable himself from collecting his debt from his principal debtor, he is held to have exonerated the surety also. Of this class, is *Hubbell* v. *Carpenter*, 5 Barb., 520, where the creditor after judgment gave the maker of the note an obligation not to collect the same against him, but reserved the right to enforce it against the indorser. So, in *The Manufacturers' and Mechanics' Bank* v. *The Bank of Pennsylvania*, 9 Watts & Serg., 335, where the creditor after judgment entered into an agreement with the maker of the note to stay proceedings against him. And substantially to the same effect is *Storms* v. *Thorn*, 3 Barb., 314, and the other authorities cited. We are not inclined, however, to give these cases weight, as applied to this case. To make them applicable we must first assume that the judgment in favor of the Sheriff was the *act* of the creditor, after judgment against the sureties, in the same sense and to the same effect as the stipulation to give time to the principal debtor, or an agreement to release him. The reasoning which upholds this proposition is not tenable. If the judgment in favor

of McDonald in equity discharges the sureties from their liability, it must be not because it was the agreement or act of Maclay, but because it being determined that the principal is not liable, the incidental liability, that of the sureties, likewise ceases.

Chitty, in his work on Contracts, 460, quoting from Pothier, says that: " It results from the definition of a surety's engagement as being accessory to a principal obligation, that the extinction of the principal obligation necessarily induces that of the surety ; it being of the nature of an accessory obligation that it cannot exist without its principal; therefore, whenever the principal is discharged in whatever manner it may be, not only by actual payment or a compensation, but also by a release, the surety is discharged likewise; for the essence of the obligation being that *the surety is only obliged on behalf of a principal debtor, he therefore is no longer obliged when there is no longer any principal for whom he is obliged.*" This rule comports with the duties and relations of the surety to the principal, accords with reason and good conscience, and is fully recognized by the authorities. Is there, then, in this case, any technical or stern rule of the law to prevent its application? We conclude not, and that we can do what right reason and good conscience dictate, without running counter to the rule which requires diligence from suitors in all courts, or the equivalent principle that a party who applies for relief against a judgment at law must show injustice, and that he has been without fault or negligence.

What are the facts of this case? McDonald, the Sheriff, was the principal, and of course primarily and principally liable for the alleged non-feasance. He, after a full and fair trial has been entirely and absolutely released from his liability. In other words, it has been authoritatively determined by the judgment of a competent tribunal that the alleged non-feasance was not established, and that plaintiff

(one of the present respondents) had no cause of action. By this adjudication the principal "is no longer obliged," or obligated, so far as the claim of Maclay is concerned. Now, does it accord with the alphabet principles governing the relation of principal and surety that the latter shall be obliged to pay that for which the former is no longer liable? Or rather, is it not consistent with every rule governing the relation that as the condition of the surety is to be favored, he should not be required to pay a debt which he can never recover from his principal, the principal obligation having been extinguished?

But it is suggested that this view loses sight of the fact that the sureties severed in their pleas, and that they were guilty of negligence in not relying upon the same defense as that made by their principal. We are not unmindful of the, at least, apparent strength of the argument. It is to be remembered, however, that judgment was rendered against the sureties before the issues were tried between their principal and the creditor. It was, therefore, practically impossible for them to rely upon such subsequent adjudication as a protection to themselves. And then suppose they had plead the same defense, and the result had been the same as it was. Would this have been such diligence as to obviate the effect of the rule for which respondents insist? If it would, we confess that we cannot see how they should be placed in any worse position by having mistaken their proper legal defense.

But the argument that the sureties are concluded and forever estopped from resisting the judgment against them by their failure to present their proper defense is radically defective in that it ignores the great general principles at the foundation of their liability, and continues the accessory obligation after that which induced it has been completely extinguished. We would not say that if the principal had been discharged before, and the sureties

had failed to rely upon that fact as a legal defense, they could be afterwards heard in equity. That case is not before us. They could not avail themselves of a defense which did not exist. Their failure to make the same defense as their principal, should not, in equity, conclude them to the extent of compelling the payment of money for their principal, for which it is conclusively and finally settled he was never liable. Indeed, under such circumstances, we do not believe that a case can be found sustaining such liability.

We give no weight to the fact that a motion was made to set aside the judgment. No action was ever taken upon it. Complainant might, therefore, resort to his concurrent equitable remedy. This he has done. The decree is

Reversed.