WM. D. TROTTER, use, etc.

*v.*

JAMES W. STRONG, impleaded, etc.

1. SURETY ON NOTE—*when discharged.* An agreement by the creditor with the principal debtor not to sue, or that, on part payment, he will not sue him for the remainder, if without the consent of the surety, discharges him.

2. A security may recover money paid to the use of his principal, but if the principal be already discharged and owe nothing, such payment is not to his use, and the security has no remedy.

3. CONSENT OF SURETY. The liability of the surety can not survive that of his principal unless by his own agreement.

4. RIGHTS OF SURETIES—*not merged in judgment.* As the security has right to repayment from his principal after payment of a judgment to his use, he is discharged by the release of his principal in the same manner as before judgment.

5. CONSIDERATION. The holder of a promissory note recovered a judgment thereon for $2039.58. Subsequently the creditor agreed with the principal debtor that if he would give security for the payment of $500 of the judgment, he would never collect any further portion of the judgment from him, and the security was given accordingly: *Held,* that the giving of such security constituted a sufficient consideration for the agreement.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. WILLIAM THOMAS, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellant in the Morgan circuit court against appellee, Charles D. Roberts, George W. Graves and Charles Chappell, on a judgment previously recovered in that court by appellant against appellee

and his co-defendants.    The amount of the recovery was $2039.58. There was no service, but appellee, Strong, appeared to the action and filed a plea : that the foundation of the judgment sued upon was a promissory note given by defendants to plaintiff, and that Graves and Roberts were the principal debtors, and Chappell and appellee were only sureties thereon ; that since the rendition of the judgment, and before the commencement of the suit, appellant, without notice to, or the consent of, appellee, and without his subsequent ratification, entered into an agreement with Roberts, one of the principal debtors in the note and judgment, that, in consideration that he would pay $500 on the judgment, and would give security for its payment, he would never collect any further portion of the judgment from him, and that the security was given according to the agreement ; that Roberts was then insolvent; that appellee was and is thereby released from further liability.

To this plea appellant filed a replication admitting the agreement by plaintiff not to enforce the judgment against Roberts, but averred that he did not agree that he would collect nothing more from the other defendants to the judgment, or to release them from its payment.    To this replication appellee filed a demurrer which was sustained by the court, and appellant standing by his replication, the court rendered judgment in favor of appellee, from which this appeal is prosecuted.    And it is urged that the court should have sustained the demurrer to the plea, and not to the replication.

It is urged that, as no release was executed, it had no binding effect on the parties to the agreement, and appellee is in nowise prejudiced by the arrangement.    Had this contract been made in reference to the note upon which the judgment was recovered, there could be no doubt that it would have operated as a discharge of the sureties.    In such cases, an extension of time by a binding agreement, capable of being enforced, not to sue, when made with the principal debtor without the consent of the sureties, operates to discharge them ; or, such an agreement with the principal that the creditor will

18—63D ILL.

receive a part only of his debt, and would not sue for the remainder, would produce the same result.

When a creditor receives a part of the claim from the principal debtor, under such circumstances as would constitute a satisfaction of his liability, the surety must be discharged. In such a case, the debt is satisfied, and the surety can not be liable for the payment of a debt that is discharged. If he were held liable, he could not recover over against the principal, because he is discharged from the debt and owes the creditor nothing, and the surety could not recover for money paid to the use of the principal, as he owes nothing, and when the surety makes the payment it can not be for the use of the principal debtor. To enforce payment from the surety under such circumstances, would be to deprive him of his legal right to be reimbursed for the money thus paid. It would change the relations of principal and surety, deprive the latter of a legal right, and would operate unjustly. When the creditor, therefore, without the assent of the surety, discharges the principal debtor, it must follow that the surety can no longer be held liable. His liability can not survive that of his principal, unless it be by his own agreement.

It is, however, urged, that in this case there was no consideration to support the agreement. When Roberts gave Brown as surety for the payment of the $500, the contract was consummated, and the fact that appellant had obtained security for that sum, was a consideration sufficient in law to support the agreement. Had he sued on the note given by Roberts and Brown, they could not have interposed as a defense the want of consideration. The agreement to discharge Roberts from paying any further sum on the judgment, could have been effectually replied to such a defense. And should appellant attempt to enforce the judgment against Roberts, he could prevent it by showing the agreement, and that appellant, as the consideration therefor, had obtained a new security and the liability of another person not a party to the

judgment. It is a valid and binding agreement, unless such contracts have no force when they refer to a judgment instead of a note or agreement, not merged in a judgment.

Some cases have held that, after the contract has been reduced to a judgment, the equity of the surety terminates with regard to the creditor, and the prior obligation in the new one created by the law. These cases proceed upon the ground that such equities can be shown neither when the contract is under seal, nor when it has been reduced to a judgment. But other cases hold that, as the equity of the surety against the creditor is founded upon that which exists between himself and the principal, it survives the judgment. It is difficult to see why the surety should be protected against the interference of the creditor by dealing with the principal to the injury of the surety *before*, and can not be *after* the judgment is rendered. To give time, or to discharge the principal after judgment, would be as injurious to the surety as before judgment. In either case, the injury is the same, and why not have the same protection? One of two sureties may, undeniably, have contribution after payment of the judgment, and the surety may recover over against the principal when he has satisfied the judgment. Then, why permit the creditor to release or discharge the principal, and still hold the surety liable when he can not have contribution from his principal?

Some cases favor the doctrine that, whatever acts would discharge the surety before judgment, and while his obligation is only one of contract, will have the same effect after it has passed into a judgment. *The Commonwealth* v. *Miller*, 8 S. & R. 452 ; *Potts* v. *Nathans*, 1 W. & S. 155 ; *The Manufacturers' Bank* v. *The Bank of Pennsylvania*, 7 W. & S. 335 ; *Talmadge* v. *Burlingame*, 9 Barr, 21 ; *Carpenter* v. *King*, 9 Metcalf, 511 ; *Bangs* v. *Strong*, 10 Paige, 11 ; 7 Hill, 520 ; 4 Comstock, 315 ; *Boughton* v. *The Bank of Orleans*, 2 Barb. Ch. R. 458. And the rule seems to be more consonant with reason and justice. It prevents wrong and injury, protects the surety in his just

right to look to his principal for indemnity when he is damnified by his undertaking, and prevents the creditor from discharging the principal and imposing the entire burthen upon the surety without means of redress.  The fact that appellant did not agree to discharge the surety, does not, in the slightest degree, change his rights.   Were these all principals, then it may be a different rule would obtain, but we are not prepared to hold that it would.

The court below did not err in refusing to sustain the demurrer to defendant's plea, and the judgment must be affirmed.

*Judgment affirmed.*