## New York Bank Note Company v. William R. Kerr.

1. SURETY—*When a Judgment Does Not Release.*—Where a person is a surety only, in the acceptance of a draft, the recovery of a judgment upon the draft will not operate to destroy his character as such surety in relation to the principal and the creditor. The only effect of the judgment is to change the form of the security from that of the draft to that of the judgment.

2. SAME—*What Acts Will Discharge.*—Whatever acts will discharge the surety before judgment, while his obligation is only one of contract, will have the same effect after it has passed into judgment.

3. SAME—*Equitable Relief in Favor of.*—Equitable relief in behalf of sureties is one of original jurisdiction in a court of chancery.

4. INJUNCTION—*To Restrain Proceedings in a Suit at Law—Bond.*—When a suit is brought to enjoin proceedings in a suit at law, the amount of the bond is a matter resting in the discretion of the chancellor.

5. SAME—*Showing Made to Avoid Giving of Notice.*—Where it appears that a motion to dissolve an injunction was heard by the court and overruled, and upon hearing the defendant was present, and the result there, upon the hearing of all parties, having been the same as reached upon the *ex parte* application, it is conclusive that the defendant was not prejudiced, so far as the question of notice is concerned, by the order of the court entered in its absence.

**Bill to Enjoin Proceedings in a Suit at Law.**—Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed June 29, 1898.

JAMES JAY SHERIDAN, attorney for appellant; DEFREES, BRACE & RITTER, of counsel.

COLLINS & FLETCHER, solicitors for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This appeal is from an interlocutory order, restraining appellant from prosecuting an action at law in Cook county, Illinois. The suit enjoined is upon a judgment recovered by appellant against appellee in the State of New York. The judgment was rendered in a suit upon a draft drawn upon appellee in favor of appellant by one Fish. The bill

alleges that the draft was accepted by appellee merely as surety for the payment by Fish of certain bills for printing and engraving contracted to be done by appellant, and that the contract for the printing and engraving was afterward abandoned and annulled by consent of the parties. The judgment in New York was recovered before the abandonment of the contract. No work was ever done under the contract. It is contended by counsel for appellant that the bill of complaint is insufficient. The bill evidently proceeds upon the theory that appellee having been a surety only in the acceptance of the draft, the recovery of a judgment upon the draft did not operate to destroy his character as such in relation to the principal and the creditor, and that the only effect of the judgment was to change the form of the security from that of the draft to that of the judgment. We think that this position is sustained by the authorities. Trotter v. Strong, 63 Ill. 272; Carpenter v. King, 9 Metc. 511; Keighler v. Savage Mfg. Co., 12 Md. 383; Gustine v. Union Bank, 10 Rob. (La.) 412; Ames v. Maclay, 14 Ia. 281.

If, therefore, after the judgment was recovered the contract was abandoned by consent of the parties thereto, and without anything done in execution of it, and thereby the principal was discharged, it operated in equity to discharge the surety as well.

In Trotter v. Strong, *supra*, the court said : " Some cases have held that, after the contract has been reduced to a judgment, the equity of the surety terminates with regard to the creditor and the prior obligation, in the new one created by the law. These cases proceed upon the ground that such equities can be shown neither when the contract is under seal nor when it has been reduced to a judgment. But other cases hold that, as the equity of the surety against the creditor is founded upon that which exists between himself and the principal, it survives the judgment. It is difficult to see why the surety should be protected against the interference of the creditor by dealing with the principal to the injury of the surety, before, and can not be after, the judgment is rendered. To give time or to discharge the principal after judgment would be as injurious

New York Bank Note Co. v. Kerr.

to the surety as before judgment.   In either case the injury is the same, and why not have the same protection ?   \*   \*   \* Some cases favor the doctrine that whatever acts will discharge the surety before judgment and while his obligation is only one of contract, will have the same effect after it has passed into judgment (citing authorities); and the rules seem to be more consonant with reason and justice.   It prevents wrong and injury, protects the surety in his just right to look to his principal for indemnity when he is damnified by his undertaking, and prevents the creditor from discharging the principal and imposing the entire burden upon the surety without means of redress."

Equitable relief in behalf of sureties is one of original jurisdiction in a court of chancery.   Viele v. Hoag, 24 Vt. 46.

It is also contended by appellant that no notice of the application for an injunction was given and no sufficient showing made to avoid the giving of notice.

But it appears that a motion to dissolve was heard by the court and overruled.   Upon that hearing appellant was present and the result there, upon hearing of all parties, having been the same result which was reached upon the *ex parte* application, it is conclusive that appellant was not prejudiced, so far as the question of notice is concerned, by the order of the court entered in its absence.   O'Kane v. West End Dry Goods Store, 72 Ill. App. 299.

Nor is the decision in Mexican Asphalt Co. v. Asphalt Paving Co., 61 Ill. App. 354, in any way in conflict as suggested by counsel.   In that case it was held that objections generally to the order are properly presented to the court below by motion to dissolve before resorting to an appeal from the order, and that by such motion the right of appeal is not prejudiced.   The objections in that case went to the sufficiency of the bill.   The decision does not pass upon objections based merely upon lack of notice, *i. e.*, lack of opportunity to be heard, or the effect upon such objections of a showing that before appeal the party objecting has been heard without changing the conclusion of the court.

It is also urged that the bond is insufficient.   The order

does not operate to enjoin a judgment, but to enjoin proceedings in a suit at law. The amount of the bond was a matter resting in the discretion of the chancellor. Kohlsaat v. Crate, 144 Ill. 14.

The order is affirmed.