STOLZE, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, February 5, 1907.**

**JUDGMENT: Interest on Judgment: Remittitur.** Where the Supreme Court, after a remittitur by the plaintiff of a part of the judgment recovered in the trial court, affirmed the judgment of the trial court as to the remainder, the judgment had no force until this pronounced by the Supreme Court and did not begin to bear interest until the date it was so affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED (*with directions*).

*G. T. Priest* for appellants.

The demurrer to the sufficiency of the petition should have been sustained. It does not state facts sufficient to constitute a cause of action against either of the appellants. The law governing the facts alleged in the petition is laid down by the courts of Missouri, as follows: "When a remittitur is ordered and accepted, a new judgment must be entered on the remittitur accepted, and the judgment so entered destroys and invalidates the original judgment. *Et sequitur* the original judgment cannot be made the basis of any legal process, nor does it draw interest from the date of the original entry." Dawson v. Waldheim, 81 Mo. App. 636; Shilling v. Speck, 26 Mo. 489; Haines v. Trenton, 108 Mo. 134.

*A. R. Taylor* for respondent.

The trial court had no power to enter a judgment other than the one directed. "It has no power to enter any other judgment or to consider or determine other matters not included in the duty of entering the judgment as directed." Scullin v. Railroad, 192 Mo. 6. A remittitur in a trial court, where and while that trial

court has jurisdiction, might properly cause a new judgment to be entered, as held in the cases cited for appellant. Dawson v. Waldheim, 81 Mo. App. 636; s. c., 89 Mo. App. 248; Shelling v. Speck, 26 Mo. 489; Haines v. Trenton, 108 Mo. 134.

BLAND, P. J.—At the September term, 1902, of the St. Charles Circuit Court, plaintiff recovered a judgment for fifteen thousand dollars against defendant St. Louis Transit Company. From the judgment the Transit Company appealed to the Supreme Court and gave a supersedeas bond in the usual form, which defendant United States Fidelity and Guaranty Company signed as surety. On the hearing of the appeal in the Supreme Court (May 24, 1905) the court, at the conclusion of its opinion, said: "A verdict for $8,000 would have been a liberal one in this case, hence the judgment of the circuit court will be affirmed only on condition that plaintiff enter a remittitur of $7,000 within ten days, otherwise the judgment of the circuit court will be reversed and the cause remanded for a new trial." On June fifth the court rendered the following judgment in the cause:

"In the Supreme Court of Missouri, April Term, 1905, Division No. 1.

"John Stolze, by his Curator, Garrard Strode, Public Administrator, Respondent, v. St. Louis Transit Company, Appellant.

"Appeal from the St. Charles Circuit Court.

"Now at this day comes the said respondent by attorney, and hereby enters a remittitur herein in the sum of seven thousand dollars ($7,000), part and parcel of the judgment rendered in this cause in the St. Charles Circuit Court, in compliance with the order of this court heretofore made on the twenty-fourth day of May, 1905. It is therefore considered and adjudged by the court that the judgment aforesaid, in form aforesaid, by the said

St. Charles Circuit Court rendered, be in all things affirmed and stand in full force and effect for the sum of eight thousand dollars ($8,000) ; and that the said appellant recover against the said respondent its costs and charges herein expended."

On July 10, 1905, defendant paid eight thousand dollars, the principal of the judgment.

The action is on the appeal bond to recover interest at the rate of six per cent per annum on eight thousand dollars from the date of the rendition of the original judgment by the circuit court. The cause was tried by the court without the aid of a jury. On the facts above stated, the court found for plaintiff in the sum of $1,421.25. The contention of defendant is that when a remittitur is entered or accepted, a new judgment must be entered in the cause and that such new judgment takes effect from and after the date of its entry and the old judgment is destroyed *in toto*. This contention is supported by the following cases:    Haynes v. The Town of Trenton, 108 Mo. l. c. 134, 18 S. W. 1003; Schilling v. Speck, 26 Mo. 489; Dawson v. Waldheim, 81 Mo. App. l. c. 638; Dawson v. Waldheim, 89 Mo. App. l. c. 248. By the judgment of the Supreme Court, the judgment of the St. Charles Circuit Court stood affirmed and in full force and effect for the sum of eight thousand dollars.    Plaintiff's contention is that the judgment of affirmance made the judgment of the St. Charles Circuit Court the final judgment in the cause, and that as all judgments in this State bear interest from the date of their rendition, it was proper to allow interest from the date of the judgment in the circuit court. The judgment of the circuit court was for fifteen thousand dollars. The judgment of the Supreme Court was for eight thousand dollars, therefore, they are not identical. By the remittitur the judgment for fifteen thousand dollars was annulled and wiped out of existence as a judgment; and a new judgment for eight thousand dollars was rendered

by the Supreme Court. In rendering its judgment the court adopted and by intendment incorporated into its own judgment the form and substance of the judgment of the St. Charles Circuit Court, except as to the amount of recovery, and adjudged that the judgment of the circuit court be in all things affirmed and stand in force and effect for the sum of eight thousand dollars. The Supreme Court did not award an execution or other process for the collection of the judgment, nor did it send any mandate to the circuit court. The judgment, therefore, was incomplete unless the judgment of the circuit court, except as to amount, is incorporated in and made a part of the judgment of the Supreme Court. It was competent for the Supreme Court to enter such a judgment as the circuit court ought to have given (R. S. 1899, sec. 886) and this is what the court did, in effect, in a manner to make its judgment the judgment of the circuit court, with power to the latter court to issue execution thereon. But the judgment is a new judgment, without words to give it any retrospective operation, and nothing is said in respect to the interest. The judgment had no existence until pronounced by the Supreme Court, and the defendant could not have paid interest upon it before it was rendered for the reason there was no ascertained sum upon which to compute interest; for the same reason plaintiff could not have demanded interest on the judgment. Plaintiff, however, is entitled to recover the interest that accrued on the judgment for eight thousand dollars between the date the opinion of the Supreme Court was delivered and the date of the payment of the eight thousand dollars. Wherefore the judgment is reversed and the cause remanded, with directions to the circuit court to try the issue as to whether or no interest on the judgment was paid when the principal was paid, and if not paid to enter judgment for interest as herein indicated. All concur.