JOHN STOLZE, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

**St. Louis Court of Appeals, November 10, 1910.**

1. PRINCIPAL AND SURETY: Payment of Obligation Secured: Discharge of Surety. The surety's obligation is secondary to that of the principal obligor, and when it appears the principal has paid the debt secured, the obligation of the surety is fully discharged.

2. ———: Discharge of Principal After Judgment: Discharge of Surety. The relation of principal and surety is not destroyed by a judgment against them, but so long as the relation continues, the equities which inhere therein obtain and are available for the surety's relief; so that where a judgment was rendered against the principal and surety on an appeal bond, and the principal alone appealed, and the judgment as against the principal was reversed, such reversal operated to discharge the surety, and the judgment rendered against the surety, which was unappealed from, could not be enforced.

3. ———: ———: ———: Statute. The fact that section 2769, Revised Statutes 1909 makes the obligation of the parties both joint and several and that a judgment thereon is regarded as such a contract is without influence in a case where a judgment on an appeal bond against both principal and surety, which is reversed as to the principal on his appeal, is sought to be enforced against the surety, who did not appeal, inasmuch as the statute does not contemplate nor intend to annihilate the equities which obtain between joint obligors and which attend the relation of principal and surety.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*A. R. Taylor* for appellant.

(1)   The effect of the reversal and remand of the cause as to the St. Louis Transit Company left the judgment standing as to the non-appealing party, the respondent in this appeal.   The liability on the judgment was joint and several, because the statute, section 889, Revised Statutes 1899, so provides.   McElroy v. Ford, 81 Mo. App. 507 (overruling Sheehan & Holn Co. v. Sims, 28 Mo. App. 65) ; State ex rel. v. Tate, 109 Mo. 270; Keenan v. St. Joseph, 126 Mo. 96.   (2) There can be no question that the appeal bond on which judgment of April 10, 1906, was rendered, was a joint and several bond.   Manny v. Security Co., 103 Mo. App. 716.

*Boyle & Priest* and *T. E. Francis* for respondent.

The liability of the United States Fidelity and Guarantee Company is secondary, not primary; derivative, not original.   Its liability is dependent upon the liability of the principal in the bond; if the latter did not breach the bond; the former is not liable.   The Court of Appeals has, by its opinion and judgment in this case, determined that the principal did not breach the bond; therefore, the surety is not liable and the judgment against it is void.   Brandt on Suretyship (3 Ed.), sec. 167; Ames v. Maclay, 14 Iowa 281; Beall v. Cochran, 18 Ga. 38; Miller v. Gackins, 1 Smedes and Mar. Ch. Rep. (Miss.) 524; Trotter v. Strong, 63 Ill. 272; Dickson v. Bell, 13 La. Ann. 249; Michener v. Springfield Thresher Co., 142 Ind. 130; Baker v. Merriam, 97 Ind. 539; State v. Blake, 2 Ohio St. 147; Rice v. Morton, 19 Mo. 264; Smith v. Rice, 27 Mo. 505;

Priest v. Watson, 72 Mo. l. c. 315; Hempstead v. Hempstead, 27 Mo. 187.

NORTONI, J.—This is an attempt to enforce the liability of a surety for an undertaking, after the indebtedness vouchsafed had been extinguished by the principal obligor.  The court denied the right asserted and plaintiff complains of the ruling.

The facts out of which the question arises are as follows:   It appears plaintiff recovered a judgment for $15,000 against the St. Louis Transit Company and an appeal was perfected therefrom by defendant in that case to the Supreme Court.   The present defendant, the United States Fidelity & Guaranty Company, became surety on the appeal bond of the St. Louis Transit Company in the amount of $30,000.   The condition of the appeal bond and on which the present defendant undertook to respond for the default of its principal, St. Louis Transit Company, was as follows:

"Now, if said appellant shall prosecute this appeal, with due diligence, to a decision in the appellate court, and shall perform such judgment as shall be given by such court; or such as the appellate court, may direct the circuit court, city of St. Louis, to give, and if the judgment of said circuit court, or any part thereof be affirmed, and said appellant shall comply with and perform the same, so far as it may be affirmed, and pay all damages and costs which may be awarded against it by any appellate court, then this obligation to be void, otherwise to remain in full force and effect."

In due time the Supreme Court disposed of the appeal by affirming the judgment appealed from to the extent of $8000, that is to say, plaintiff was required to remit $7000 of his recovery and a new judgment was rendered in the Supreme Court in his favor in the amount of $8000.   The St. Louis Transit Company, defendant in that suit, paid plaintiff the amount of the judgment given by the Supreme Court, that is, $8000,

and such interest thereon as accrued after its rendition in the Supreme Court, but declined to pay interest on the amount from the date of the original judgment in the circuit court from which the appeal was prosecuted. The St. Louis Transit Company, in thus paying the amount of the judgment, $8000, and interest from the date of its rendition in the Supreme Court, proceeded on the theory that as the judgment of the circuit court was not affirmed for the full amount an entirely new judgment was given by the Supreme Court which operated the accrual of interest from its date only. Plaintiff denied the theory suggested and to the end of recovering interest from the date of the original judgment in the circuit court, instituted his suit against both the St. Louis Transit Company and the present defendant on its appeal bond for the sum of $1254, which appears to be six per cent on the amount of $8000 from the date of the rendition of the original judgment in the circuit court to the date of its affirmance on appeal. On a trial, the circuit court accepted the theory of plaintiff and gave judgment against both the St. Louis Transit Company, principal in the appeal bond, and the present defendant, its surety thereon, for the amount prayed. From this judgment against both the principal and surety in the appeal bond, the St. Louis Transit Company alone prosecuted its appeal to this court. In due time, the court decided that the judgment of the Supreme Court affirming that of the circuit court for $8000 after remittitur entered was an entirely new judgment, on which interest accrued only from the date of rendition, and that the St. Louis Transit Company by paying to plaintiff the sum of $8000, together with interest thereon from the date of the judgment of the Supreme Court to the time it was paid had discharged the full measure of its obligation. [See Stolze v. St. Louis Transit Co., 122 Mo. App. 458, 99 S. W. 471.] As the present defendant, surety on the appeal bond, omitted to appeal from the judgment of the cir-

Stolze v. Fidelity and Guaranty Co.

cuit court given against it jointly with the St. Louis Transit Company, and the term at which the judgment was given had expired, plaintiff proceeded to the end of enforcing the judgment against the present defendant, for the purpose of collecting the interest which this court had determined the principal in the appeal bond was not obligated to pay. The trial court denied plaintiff's right, on the theory that the extinguishment of the obligation by the principal operated, of course, to discharge the surety, for the reason the undertaking of the surety is secondary only. The proposition is entirely clear, for when it appears the principal has paid the debt secured, then the obligation of the surety is fully discharged. Beyond question the surety's obligation is secondary only to that of the principal obligor. The matter is so plain that no one will dispute it. This being true, the terms of the surety's undertaking are fully met and complied with if the principal in the bond discharges the debt, for thereafter, there is naught to enforce against the surety on his secondary undertaking. Because of the equities which inhere in the relation of principal and surety, there is an implied undertaking between them to the effect the principal shall compensate the surety to the extent of his outlay because of the breach of the obligation on the part of the principal. It is therefore the rule that if the surety pays the debt he may sue his principal and enforce a reimbursement. If then the surety is required to pay the debt after it has been extinguished or paid by the principal, an unjust condition will arise, for by enforcing his right to a reimbursement, the principal is compelled to pay the same debt the second time or denied the benefit of that which operated its discharge or extinguishment.

But it is said, though, under the rule which obtains, a surety is discharged by the principal's payment or ex-

153 App—3

tinguishment of the obligation before judgment thereon, it is without influence here. Such is not the law. The relation of principal and surety is not destroyed by the judgment, and as long as the relation continues the equities which inhere therein obtain and are available for the surety's relief. The just principle which operates to relieve the surety from his secondary obligation when it appears the principal has discharged or extinguished the debt obtains identically after judgment as before. [Hempstead v. Hempstead's Admr., 27 Mo. 187; Trotter v. Strong, 63 Ill. 272; 1 Brandt on Suretyship (3 Ed.), sec. 167.] That a surety against whom judgment has been recovered and unappealed from in a suit on the contract of suretyship is discharged by a subsequent judgment in favor of the principal alone on the same obligation is the accepted rule of decision, may be ascertained by reference to the following authorities in point: Ames v. Maclay, 14 Iowa 281; Beall v. Cochran, 18 Ga. 38; Dickason v. Bell, 13 La. 249; 1 Brandt on Suretyship (3 Ed.), sec. 167.

The case presented discloses a valid judgment in favor of the principal to the effect that it had fully paid and discharged the obligation assured in the appeal bond. Therefore, to enforce the judgment, which was not appealed from by the present defendant, against the surety would clearly operate to confer the right upon this defendant of reimbursement from its principal, the St. Louis Transit Company. A recovery by this defendant on the implied obligation against its principal would operate to wholly destroy the benefit of the judgment given in behalf of the principal to the effect it had paid all it was obligated to pay and did not owe the debt sued for. The principles of natural justice alone forbid the result suggested. [Trotter v. Strong, 63 Ill. 272, and authorities supra. See, also, Taylor v. Sartorius, 130 Mo. App. 23, 108 S. W. 1089.] The fact that our statute makes the obligation of the parties both joint and several and that a judgment

thereon is regarded as such a contract is without influence in the case, for the statute does not contemplate nor intend the utter annihilation of the equities which obtain between joint obligors and which attend the relation of principal and surety. [See Taylor v. Sartorius, 130 Mo. App. 23, 108 S. W. 1089.]

It appearing that the principal obligor has been discharged of the debt by the judgment in its favor, the secondary liability of the surety may not be enforced even though it has been reduced to judgment. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.