Edward WALTON, Plaintiff-Appellant,

v.

UNITED STATES STEEL CORP., a Corporation, and Ross Redd, Defendants-Respondents.

No. 31509.

St. Louis Court of Appeals.

Missouri.

April 21, 1964.

See also Mo.Sup., 362 S.W.2d 617.

Hullverson, Richardson & Hullverson, James E. Hullverson, Orville Richardson, St. Louis, for plaintiff-appellant.

Robertson, Baker & De Voto, Ernest E. Baker, St. Louis, for defendants-respondent.

DOERNER, Commissioner.

The only issue presented by this appeal is one of law. Briefly, it is this: when a prevailing plaintiff is required to and does remit part of a judgment, and a new judgment for the reduced amount is entered "as of" the date of the original judgment, is the plaintiff entitled to interest on the amount of the new judgment from the date of the rendition of the original judgment? The trial court held that the plaintiff was not, and this appeal followed.

The facts are a matter of record. In chronological order they are as follows: On July 13, 1960, plaintiff instituted this suit in the Circuit Court of the City of St. Louis against the defendants whereby he sought to recover damages for personal injuries. On April 25, 1961, at the conclusion of a jury trial, a verdict for $136,000 was returned in favor of plaintiff and against both defendants, and a judgment for that amount was entered. On May 6, 1961, defendants filed separate motions for judgment or in the alternative for a new trial, alleging therein (among other grounds) that the verdict was excessive. On July 7, 1961, the court entered an order stating that if within 10 days plaintiff would remit the sum of $46,000 the motions for a new trial would be overruled, otherwise they would be sustained on the ground that the verdict was excessive. On July 12, 1961, plaintiff

remitted the sum of $46,000 from the judgment entered on April 25, 1961. The next day, July 13, the court entered the following order:

" 'Now on this day comes the plaintiff, by attorney, and here in open court, and in writing this day filed, pursuant to the order of Court made and entered herein on the 7th day of July, 1961, remits the sum of $46,000.00, from the verdict and judgment heretofore rendered in his favor reducing said judgment to the sum of $90,000.00; thereupon, it is ordered by the Court that the verdict and judgment rendered herein on the 25th day of April, 1961, in favor of plaintiff and against both defendants for the sum of $136,000.00, be reduced and a new judgment be entered in favor of the plaintiff and against both defendants for the sum of $90,000.00, as and of April 25, 1961, the date of the original judgment.

" 'Wherefore, it is considered and adjudged by the Court that the plaintiff have and recover of both defendants the sum of $90,000, as and of April 25, 1961, together with the costs of this proceeding, for which let execution issue.

" 'It is further ordered by the Court that the separate motions of defendants to set aside verdict and enter judgment in accordance with their motions for a new trial, or in the alternative for a new trial, be and the same are hereby overruled.' "

Thereafter the defendants perfected their appeal to the Supreme Court. By an opinion handed down on November 15, 1962, reported in 362 S.W.2d 617, that court affirmed the judgment.

When the Supreme Court's mandate reached the Circuit Court on January 4, 1963, a dispute arose between plaintiff and the defendants over the computation of the interest due. Plaintiff contended that he was entitled to the amount of the judgment, $90,000, together with interest thereon from April 25, 1961, the date on which the original judgment was rendered. Defendant conceded that plaintiff was entitled to $90,-000 but maintained that the interest should be allowed thereon from July 13, 1961, the date of the rendition of the reduced judgment. The disputed interest amounted to $1168.41. By agreement, defendants paid plaintiff the amount of the judgment together with the interest thereon from July 13, 1961, and defendant United States Steel Corporation deposited with the clerk of the court its check for $1168.41 payable to plaintiff and his attorneys, to be distributed to plaintiff or returned to that defendant as the court might decide. Based on their respective contentions, each party filed a motion for an order directing the clerk to deliver the check to him. On January 14, 1963, the court ruled in favor of defendant United States Steel Corporation, and plaintiff duly appealed.

The matter of interest due on a judgment is governed by Section 408.040, RSMo 1959, V.A.M.S., which provides in part that "Interest shall be allowed on all money due upon any judgment * * * from the day of rendering the same until satisfaction be made by payment, * * *." It will be recalled that when plaintiff remitted the sum of $46,000 from the original judgment the court entered a new judgment for $90,000. Defendant maintains that the original judgment rendered on April 25, 1961, was erroneous because excessive, and that there was no valid judgment on which interest could accrue until the new judgment was entered on July 13, 1961. Plaintiff points out that the court entered the new judgment "as and of April 25, 1961," and argues that the judgment for $90,000 should therefore draw interest from that date. The solution to the problem presented would thus appear to depend upon the determination of the proper date of the rendition of the judgment.

▪ Inherent in the problem is our practice of affirming a judgment on the granting

of a remittitur. It is a practice which has long been established in our state as a matter of procedure, Smiley v. St. Louis-San Francisco Ry. Co., 359 Mo. 474, 222 S.W.2d 481, and the history of its development may be found in Cook v. Globe Printing Co., 227 Mo. 471, 127 S.W. 332. The principle upon which the practice is based was defined in Counts v. Thompson, 359 Mo. 485, 222 S.W. 2d 487, 495, as follows:

"* * * The principle upon which this practice is based, as shown by these authorities, is that, when there is no substantial evidence to support a verdict for more than a certain maximum amount, the result may be due to error or mistake of the jury and not passion or prejudice. When that is the situation, the Court, in determining the maximum amount authorized by the evidence, does not award or fix the damages but only says that if the jury had given such maximum amount then its verdict could have properly been permitted to stand. It is, therefore, proper to permit the plaintiff to elect between accepting a judgment for such amount, by remitting the excess, or having a new trial. See Kennon v. Gilmer, 131 U.S. 22, 9 S.Ct. 696, 33 L.Ed. 110."

If the court merely determines the maximum amount of the verdict which may properly be "permitted to stand," then it would seem to follow that when a plaintiff remits part of the original judgment it should not be necessary to enter a new judgment for the remainder. The amount remitted would appear to be nothing more than a credit on the original judgment. Nevertheless, from the early days of our judicial history it has repeatedly been held that when a remittitur is ordered and accepted a new judgment for the reduced amount must be entered. Schilling v. Speck, 26 Mo. 489; Haynes v. Trenton, 108 Mo. 123, 18 S.W. 1003; Barado-Ghio Real Estate Co. v. Heidbrink, 112 Mo. App. 429, 86 S.W. 1109; State ex rel. Missouri Pacific Ry. Co. v. Broaddus, 212 Mo. 685, 111 S.W. 508. Under those cases the procedure followed by the court in entering the new judgment for $90,000, after plaintiff remitted $46,000, was not only proper but necessary.

■ Defendant would be on sound ground if in this case the court had confined its action to that of merely entering a new judgment, after plaintiff remitted. For the date of rendition of that judgment would have been July 13, 1961, and without more, plaintiff would not be entitled to interest for the period prior to that date. Erwin v. Jones, Mo.App., 191 S.W. 1047; Stolze v. St. Louis Transit Co., 122 Mo.App. 458, 99 S.W. 471. The distinguishing feature between those cases and this one, however, is that in the instant case the court expressly ordered that the new judgment was to be retroactive to April 25, 1961, the date of the original judgment. That a court has the power and authority to enter the new judgment as of the date of the original judgment was held in Lasley v. Ridenour, Mo.App., 265 S.W.2d 744, 745, where it was said:

"* * * The action of the court in making the new entry of judgment as of the date of the verdict for the amount of the verdict, less the amount remitted by the defendant, was not the rendition of a *new* judgment in the sense urged by the plaintiff, even though in so doing the original judgment was set aside in the process and re-entered as corrected. It was, in effect, a proper correction of the existing judgment to give effect to the amount thereof remitted."

And further (265 S.W.2d p. 746):

"The procedure herein followed is the customary and accepted method of giving credit on a judgment for a remittitur. Meyer v. St. Louis Public Service Co., [241] Mo.App. [1057], 253 S.W.2d 525; Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487. We think the judgment of January 10, as re-entered and corrected by the court April 20, 1953, in order to credit the remittitur, was not void for want of the court's authority so to do."

It may well be that the practice of entering the new judgment, after remittitur, as of the date of the original judgment flows from the result reached in Erwin v. Jones, supra, and Stolze v. St. Louis Transit Co., supra. Whatever its origin, there can be no doubt that it is the customary and accepted practice, as stated in Lasley v. Ridenour, supra. The reports show that it has long been sanctioned and followed by the Supreme Court. Norris v. St. Louis, I. M. & S. R. Co., 239 Mo. 695, 144 S.W. 783; Erbes v. Union Electric Co., Mo., 353 S.W.2d 659. Presumably in an effort to prevent any dispute as to the date from which interest would accrue the court's order in Norris read (239 Mo. 723, 144 S.W. 791):

"Accordingly, it is ordered that the judgment shall be affirmed for the sum of $7500 as of the date of the return of the verdict and the rendition of judgment and to bear interest from that date, if the plaintiff shall within 10 days from this date remit the sum of $2,500 as of the date of the verdict; otherwise, the judgment will be reversed, and the cause remanded for a new trial."

Currently, however, the form followed is that which was employed in Erbes v. Union Electric Co., Mo., 353 S.W.2d 659, 670:

"* * * If, within 15 days after the filing of this opinion, plaintiff will enter here a remittitur of $10,000, the judgment will stand affirmed in the sum of $50,000 as of the date of the original judgment. Otherwise, the judgment will be reversed and the cause remanded for a new trial."

The order made by the trial court in this case is substantially the same as that order. The force and effect of such an order is to make the date of the rendition of the new judgment the same as that of the original judgment. It follows that the plaintiff is entitled to interest from April 25, 1961 on the judgment for $90,000.

For the reasons stated the judgment should be reversed and the cause remanded to the Circuit Court with directions to enter an order directing the clerk of the court to deliver to plaintiff the check for interest held by him. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause remanded to the Circuit Court with directions to enter an order directing the clerk of the court to deliver to plaintiff the check for interest held by him.

RUDDY, P. J., WOLFE, J., and FRANK W. HAYES, Special Judge, concur.