Theodore G. SENN et al.,
Plaintiffs-Respondents,

v.

COMMERCE–MANCHESTER BANK,
Defendant-Appellant.

No. 61739.

Supreme Court of Missouri,
En Banc.

July 15, 1980.

Rehearing Denied Sept. 9, 1980.

Edwin D. Akers, Jr., St. Louis, for defendant-appellant.

Burton H. Shostak, St. Louis, for plaintiffs-respondents.

PER CURIAM.

This class action comes to us a second time. The original judgment, when affirmed in part and reversed in part, was remanded for further action in the Circuit Court by our opinion of June 19, 1979, reported in *Senn v. Manchester Bank*, 583 S.W.2d 119 (Mo. banc 1979). Those aspects of the trial court's original finding entered May 20, 1976, that defendant had acted with intent to defraud and awarding damages, actual and punitive, were affirmed. A fiduciary relationship was found to exist which defendant fraudulently breached entitling plaintiffs to actual damages "as a result of defendant's failure to convey clear title [to the land under contract] . . . also punitive damages as a result of the defendant's intent to defraud the plaintiffs." *Id.* at 131–132. The formula for calculating punitive damages (one and one-half times actual damages) and the award of attorneys' fees "as a percentage of the total and actual punitive damages," were approved as to amount and mode of computation. *Id.* at 138. However, the judgment was reversed (1) "as to those members [hereinafter Group # 1] of the class whose

nine lots were exempted from the judgment and execution in the *Highland Gardens* case," *Id.* and (2) defendant was found entitled to a reduction of judgment in the nature of a setoff against certain other plaintiffs [hereinafter Group # 2—owners of four lots] who had failed to pay the full purchase price under the contracts for their lots. *Id.* Concerning "all other plaintiffs [hereinafter Group # 3—owners of some 81 lots] the circuit court's findings of fact and conclusions of law are supported by substantial evidence . . ." *Id.* and the lump sum awards of actual and punitive damages were approved except as to form and the cause was "remanded solely for the entry of individual judgments as follows: Actual damages will be assessed in accordance with the unrebutted testimony of plaintiff's expert witnesses and with the values listed on plaintiff's exhibit No. 19; punitive damages will be computed as the multiple of one and one-half times the actual damages specified in the trial court findings, . . ." *Id.* at 138–139. On remand the trial court with meticulous attention to our mandate modified its judgment dismissing with prejudice the claims of those plaintiffs comprising Group # 1 and, as to Group # 2, allowed the setoff due defendant. Concerning Group # 3, the lump sum awards of actual and punitive damages were apportioned according to their interests under the formula and findings of the original judgment entered in 1976. The modified judgment includes a list of the individual class members and details the award to each, not challenged in this appeal, and further provides: "the judgment in favor of each class member and against the defendant shall bear interest at the rate of 6% per annum from May 20, 1976, the date of the judgment herein until paid, together with their costs herein expended . . ."

Defendant for his sole allegation of error contends the award of interest should date not from May 20, 1976 but rather August 29, 1979, for the "final" judgment was entered the later date. We find this contention without merit.

Concerning Group # 1, the original judgment was reversed with no allowance of damages or interest, hence appellant's contention does not concern that aspect of the judgment.

■ Regarding Group # 2, the original awards were reduced by setoff and the balance, as intended in our original decision, accrued for purpose of computing interest from the date of the original judgment. The trial court's action in this regard is consistent with the practice adopted in cases involving remittitur. See *Walton v. U. S. Steel Corp.*, 378 S.W.2d 240 (Mo.App. 1964). There, judgment was entered April 25, 1961, on a jury verdict for $136,000. Pursuant to motion challenging the verdict as excessive, the trial court ordered remittitur and plaintiff on July 7, 1961, remitted the sum of $46,000. Whereupon the court ordered the original verdict and judgment reduced and "a new judgment be entered . . . for the sum of $90,000, as and of April 25, 1961, the date of the original judgment." This court affirmed in the original appeal, *Walton v. United States Steel Corp.*, 362 S.W.2d 617 (Mo.1962), but thereafter a dispute arose over the "computation of interest due." There, as here, plaintiff argued interest ran from the date of the original judgment while defendant contended interest was allowable only from the date of entry of the reduced judgment. The Court of Appeals held the trial court had "power and authority to enter the new judgment as of the date of the original judgment . . ." *Walton*, 378 S.W.2d at 242, and having so done the order is enforceable, adding: "The amount remitted would appear to be nothing more than a credit on the original judgment." *Id.* By the same token the trial court in the case at bar, quite properly under our mandate, made its order effective from the date of the original judgment.

As noted above, regarding Group # 3 the lump sum award was approved as to amount but remanded, solely for the purpose of apportionment among that group according to their individual interests. The act of dividing the total and assigning its

parts among the several claimants was not intended to disturb plaintiff's rights to interest under the judgment entered May 20, 1976. The only additional evidence required was directed toward deletion of Group # 1 and the setoff as to Group # 2.

The modified judgment entered August 29, 1979, which specifically provided that interest would accrue "at the rate of 6% per annum from May 20, 1976, shall continue until paid" correctly calculated and ordered paid, amounts due on the judgment that date. Abundant authority for this result is found in the following general statement of Annot. 4 A.L.R.3d 1221, 1223 (1965) and cases cited there:

> In most cases where a money award has been modified on appeal, and the only action necessary in the trial court has been compliance with the mandate of the appellate court, the view has been taken that interest on the award as modified should run from the same date as if no appeal had been taken, that is, ordinarily, from the date of entry of the verdict or judgment. It has been so held regardless of whether the appellate court reduced or increased the original award.

See also *Sebastian County Coal and Mining Co. v. Mayer*, 310 Mo. 104, 274 S.W. 770 (1925).

Defendant nevertheless contends that because our opinion in the original appeal stated the "judgment was vacated . ." that the original judgment no longer controls the commencement of the interest award. This contention overlooks the balance of the quoted statement which in its entirety reads: "the judgment is vacated and the cause remanded solely for the entry of individual judgments as follows . ." *Senn v. Manchester Bank*, 583 S.W.2d 119 at 138. Then follows the directions to the trial court, executed on remand.

In sum, the original judgment was reversed only as to Group # 1, modified in amount as to Group # 2 and in form as to Group # 3. When reaching the same result under similar facts the California Court of Appeals in *Espinoza v. Rossini*, 257 Cal. App.2d 567, 65 Cal.Rptr. 110, 112 (Ct.App.

1967) held: "When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment." The court further stated, "when a judgment [is] *reversed* with directions and, pursuant to such directions, the revised judgment was entered . . . interest should be required from the date of entry of the original judgment and not from the date of the revised judgment." *Id.* As explained by that court, ". . . the important question as to when interest commences should not depend on 'mere formalism,' but on the 'substance of the order' . . . [A] so-called *reversal* which practically and legally was merely a modification should be treated for purposes of the accrual of interest as a *modification.*" *Id.*

On August 29, 1979, according to respondent's brief, defendant paid all amounts due on the judgment except $207,007.69. The amounts so paid, constituting partial payment, are first to be applied to interest and the remaining portion of the payment applied to the principal. 45 Am.Jur.2d 88, *Interest and Usury* § 99. Hence, the interest to that date was satisfied in full and the unpaid balance of the damage award (be it $207,007.69 or otherwise) continues to draw interest as provided in the judgment.

Finally, under § 408.040, RSMo 1978, (applicable at the time of the judgment entry of August 29, 1979) the effective rate of interest on judgments was 6% per annum. H.B. 85 passed by the 80th General Assembly, approved May 31, 1979, and effective September 28, 1979, increased that rate from 6% to 9% per annum. § 408.040, RSMo Supp.1979 (as amended). In this circumstance we must ask, what effect such change in rate might have on judgments awaiting appellate review? Our research has disclosed no Missouri case on point and a divergence of views appears in other jurisdictions. Some treat judgments as contractual with interest rates unaffected by subsequent statutory change. See 45 Am. Jur.2d, *Interest and Usury* § 11 (1969), *Sunray DX Oil Co. v. Great Lakes Carbon*

*Corp.*, 476 P.2d 329 (Okl.1970). Other states hold that interest on a judgment stems not from contract but is an obligation imposed by law as prescribed by the legislature. See 45 Am.Jur.2d, *Interest and Usury* § 11 (1969), *Noe v. Chicago*, 56 Ill.2d 346, 307 N.E.2d 376 (Ill.1974).

We hold the view that judgments bear interest as a result of the statute, see *State ex rel. Walsh v. Vogel*, 14 Mo.App. 187, 189 (1883), *Laughlin v. Boatmen's National Bank*, 354 Mo. 467, 477, 189 S.W.2d 974, 980 (1945), and under our statute, when given prospective application, the effective rate from September 29, 1979 in the case at bar is 9% per annum. The judgment, as modified herein, is affirmed.

BARDGETT, C. J., and RENDLEN, SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

DONNELLY, J., dissents.