Theodore G. SENN and Betty Senn, Husband and Wife; et al., Plaintiffs-Respondents,

v.

COMMERCE–MANCHESTER BANK, Defendant-Appellant.

No. 62948.

Supreme Court of Missouri, En Banc.

April 6, 1982.

Charles A. Newman, St. Louis, for defendant-appellant.

Burton H. Shostak and Edward F. O'Herin, St. Louis, for plaintiffs-respondents.

BARDGETT, Judge.

The defendant-appellant, Commerce-Manchester Bank (Bank), appealed to the Missouri Court of Appeals, Eastern District, from an order of the circuit court overruling its motion for satisfaction of principal amount of a certain judgment and from the order sustaining plaintiffs-respondents' Senn et al. (Class's) motion for partial satisfaction of judgment. On the motion of the Class, the court of appeals transferred the case here because the instant appeal may involve considerations of the correctness of a prior opinion of this Court in this case. While this Court does not have original jurisdiction of this appeal, the transfer is accepted under Rule 83.06.

This case has been the subject of two prior appeals—*Senn, et al. v. Manchester Bank*, 583 S.W.2d 119 (Mo. banc June 19, 1979), hereafter *Senn I*, and *Senn, et al. v. Commerce-Manchester Bank*, 603 S.W.2d 551 (Mo. banc July 15, 1980), hereafter *Senn II*.

On August 29, 1979, the Bank paid $1,053,805.00 to the Class. That figure represents the total of the actual and punitive damages judgment rendered against the Bank. The total was divided into separate checks representing the payees' share less attorney fees, and then one check was issued to the Class's attorney for one-third of the judgment amount. The procedure followed was as set forth in *Senn I*.

On August 29, 1979, the Class claimed it was entitled to the $1,053,805.00 as the basic judgment plus interest from May 20, 1976. It was on May 20, 1976, that the judgment reviewed in *Senn I* was entered in circuit court. *Senn I* essentially affirmed the Class's right to recover and remanded for entry of separate judgments which were entered by the trial court on August 29, 1979.

On August 29, 1979, the Bank contended it did not owe interest from May 20, 1976, but would owe interest only as of August 29, 1979, the date of the judgment on remand.

It was agreed that if owed, the amount of interest due from May 20, 1976, to August 29, 1979, would be $207,007.69.

The Bank appealed on the question of whether it owed interest from May 20, 1976. *Senn II* decided the interest was owed from May 20, 1976. That was the only issue briefed by the Bank on that appeal. Under the facts as they appeared to the Court in the appeal in chief in *Senn II*, it seemed that the general United States rule that payments on debts are first to be applied to interest and the balance to principal was applicable. If so, then $207,007.69 of the $1,053,805.00 that was paid on August 29, 1979, would be applied first to interest thus reducing the principal payment by that amount and leaving $207,007.69 as unpaid principal accruing interest from May 20, 1976, to whenever paid. And that is the position the Class takes on this appeal.

The Bank's position is that by reason of *Senn II* it owed the Class the $207,007.69 on August 29, 1979, as interest on the judgment entered May 20, 1976; that the parties agreed that the payment of $1,053,805.00 made by the Bank on August 29, 1979, was payment of the basic judgment (principal) in full and, therefore, the Bank was thereafter liable to the Class for the $207,007.69 plus interest on that sum until paid.[1]

In the instant appeal, facts surrounding the August 29, 1979, payment, which were not known from the briefs and record in *Senn II*, are now known.

The law as stated in *Senn II* is correct[2] but, because there was an agreement to apply the payment of $1,053,805.00 fully to principal and not to interest, the exception to the general rule applies here. The rule referred to provides:

---

1. The interest rate was six percent until September 28, 1979, when it became nine percent. § 408.040, RSMo Cum.Supp.1981. *See Senn II*, 603 S.W.2d at 553.

2. However, the trial court's ruling is readily understandable in view of the partial statement of the rule in *Senn II* which seemed appropriate at the time.

In applying partial payments to an interest-bearing debt which is due, the rule known as the "United States rule," is that *in the absence of an agreement* or statute *to the contrary*, the payment should be first applied to the interest due.

45 Am.Jur.2d *Interest and Usury* § 99, at 88 (1969) (emphasis added) (footnotes omitted).

Each check issued by the Bank to Class members carried the following restrictive endorsement:

> Received and accepted as full and complete satisfaction of the principal amount of the judgment in the case of *Senn et al. v. Commerce-Manchester Bank*, Cause No. 43770, Circuit Court, City of St. Louis.

On August 29, 1979, the Bank delivered to the Class's attorney in court checks payable to each class member(s) and one to the Class's attorney with each check bearing the restrictive endorsement noted above.

The Class's attorney prepared a letter to accompany each check to the class member explaining what was happening. That letter reads in pertinent part:

> On August 16, 1979, we appeared before the trial court and the necessary hearing was held to correct the first judgment. The corrected judgment has now been entered. The corrected judgment provides that 6% interest is to be paid from May 20, 1976, when the judgment was originally entered. However, the Supreme Court opinion is silent as to whether interest should be paid although in our opinion logic dictates that interest should be paid. The Bank is now appealing the question of whether interest is owed. We are almost certain that this appeal will not take nearly as long as the first one.
>
> However, the Bank is paying the principal amount of each judgment. Accordingly I am enclosing for those entitled to receive a money judgment a check corresponding to each lot for which damages were assessed less attorneys fees. You will find on the back of each check a restrictive endorsement which has been reviewed by me and approved by the Court. By signing this check you are merely acknowledging that the principal amount of the judgment owed you has been paid. Your signature on the check DOES NOT CONSTITUTE A WAIVER OF YOUR RIGHT TO YOUR SHARE OF INTEREST should the Supreme Court hold in our favor on the interest question.
>
> As the second appeal progresses I will keep you advised.

The attorneys for the Class, in a letter dated October 16, 1979, acknowledged receipt from the Bank of cashier's check(s) payable to plaintiffs "in the full amount of the *principal amount* of the judgment . . . issued by the circuit court . . . on August 29, 1979." (Emphasis added.)

The Class's brief filed in *Senn II* demonstrates that the parties knew the payments of August 29, 1979, constituted payment of the basic judgments (principal) in full and agreed to the same. Point II of that brief states:

> Judicial economy necessitates the raising of the instant point. Defendant chose to pay the principal portion of the judgment on August 29, 1979, the day it was entered. As of that date the interest due on the amount of the principal paid was $207,007.69 which is the amount in dispute here. Had defendant chosen to pay the interest as it should have when it paid the principal the plaintiff class members would have enjoyed their share of it. However, by the actions of the defendant, the plaintiff class members have been denied the use of the money due them. Consequently they are entitled to the present rate of interest on the $207,007.69 from the date the principal amount was paid until that amount is paid.

The Class argues it received no consideration for any alleged agreement to apply the August 29, 1979, payment fully to principal and not to interest and therefore the payment should be applied according to the general rule to interest first and the balance to principal. The contention is rejected. Some benefit accrued to the claimants

by reason of receiving money on August 29, 1979, rather than have payment delayed until the appeal of *Senn II* had been decided. This is not to suggest a debtor can unilaterally force payment on a judgment debt to be applied only to principal and not to interest in contravention of the United States rule set forth supra, absent an agreement. In this case the Court finds from the documents and statements of the parties that there was an agreement on and prior to August 29, 1979, that the payment on August 29, 1979, would be principal only, and that agreement is evidenced by the restrictive endorsements, the Class attorney's cover letter with the checks to his clients, and statements in the briefs in *Senn II* which are consistent with an agreement having been reached and wholly inconsistent with the position the Class now takes.

The Court, now being fully apprised of the facts attending the August 29, 1979, payment, finds that the parties validly agreed to pay and to accept payment of the basic judgment, principal, on that date and that it was the intent of the parties that the August 29, 1979, payment be applied fully to principal and not to interest. That left $207,007.69 interest on the judgment originally entered May 20, 1976, unpaid after the August 29, 1979, payment. The Class was entitled to receive interest on $207,007.69 from August 29, 1979, until paid. *See Levin v. State Farm Mut. Auto. Ins. Co.*, 510 S.W.2d 455, 462 (Mo. banc 1974). The rate is six percent until September 28, 1979, when it increases to nine percent until paid.

During the oral arguments in this case, the attorney for the Class acknowledged that in October 1980 the Class had received payment of the $207,007.69, and perhaps the interest on that sum from August 29, 1979, until it was paid. The Court is not certain, however, as to whether it correctly understood those statements in oral argument and, therefore, will refrain from entering final judgment in the matter.

In any event, the Bank was entitled to have its "Motion for Satisfaction of Principal Amount of Judgment" sustained as that was satisfied by the payment of August 29,

1979, and it was error to overrule said motion.

The orders of the circuit court of November 12, 1980, denying the Bank's "Motion for Satisfaction of Principal Amount of Judgment" and sustaining the Class's "Motion for Partial Satisfaction of Judgment" are reversed with directions to enter such orders of satisfaction as are consistent with this opinion and the facts of payment at the time appropriate motions are presented.

RENDLEN, SEILER, MORGAN and HIGGINS, JJ., concur.

DONNELLY, C. J., and WELLIVER, J., concur in result.

