Lawrence A. HERBERHOLT,
Plaintiff-Respondent,

v.

DePAUL COMMUNITY HEALTH
CENTER, Defendant-Appellant.

No. 45450.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 25, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
March 17, 1983.

Application to Transfer Denied
April 26, 1983.

David M. Duree, St. Louis, for plaintiff-respondent.

Richard D. Watters, St. Louis, for defendant-appellant.

DOWD, Presiding Judge.

Defendant appeals the trial court's grant of interest from the date of the original judgment and verdict in plaintiff's favor.

The trial of plaintiff's three count petition resulted in directed verdicts as to Counts II and III and submission of Count I to the jury. On September 6, 1978, the trial court entered judgment on the jury verdict in plaintiff's favor and against defendant on Count I for $15,000 actual damages and $100,000 punitive damages for violation of the service letter statute, Section 290.140, RSMo 1978. Defendant filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. On December 11, 1978, the trial court set aside the

verdict and judgment of September 6 as to Count I and entered judgment in defendant's favor. The order of the trial court also stated, pursuant to Rule 72.01(c), that if the judgment n.o.v. were reversed by an appellate court and if plaintiff would then remit $11,825 actual damages and $50,000 punitive damages, defendant's motion for new trial on Count I would be denied; otherwise the motion would be granted as to the issue of damages only, on the ground that the verdict was excessive.

On plaintiff's appeal the Supreme Court ruled that the grant of judgment notwithstanding the verdict as to Count I was incorrect; it further ruled, however, that "the trial court did not abuse its discretion in entering its 'conditional order' " but, for reasons discussed, "the same should be modified to provide for actual damages in the nominal amount of $1.00 and punitive damages of $50,000." *Herberholt v. DePaul Community Health Center,* 625 S.W.2d 617, 624 (Mo. banc 1981). The Court also found that the trial court properly entered directed verdicts against plaintiff on Counts II and III. The opinion affirmed the trial court judgment as modified and remanded the cause "for entry of judgment accordingly." *Id.* at 626.

On December 14, 1981, the Supreme Court issued its mandate providing that the trial court judgment "shall be affirmed in part, and in part, reversed, annulled and for naught held and esteemed," and remanding the cause for further proceedings in conformity with the Court's opinion. The Court denied defendant's motion for rehearing on January 12, 1982.

On January 14, 1982, plaintiff notified the trial court by letter that he agreed to the modified remittitur and chose not to retry the case on the issue of damages. Plaintiff also demanded interest on the judgment of $50,001 from September 6, 1978. On February 8, 1982, the trial court entered an order of judgment "in favor of Plaintiff and against Defendant for $1.00 nominal damages and $50,000 punitive damages plus interest at the rate of 6% from the date of the original judgment and verdict September 6, 1978 until September 29, 1979 and at the rate of 9% thereafter" until the judgment was satisfied. On April 9, 1982, defendant delivered to plaintiff $50,001 plus 9% interest thereon from February 8, 1982 until April 9, or $739.80.

Defendant now appeals the award of interest for the period preceding the trial court's order of February 8, 1982. Defendant argues that this award was error because the Supreme Court's mandate reversed the trial court's judgment n.o.v. and modified the conditional order without reinstating the original judgment. The failure to reinstate the original verdict and judgment, defendant contends, distinguishes this case from others wherein the appellate court restored to plaintiff all things he had lost by reason of the trial court's order and remanded with directions to reinstate the verdict and judgment for plaintiff, *Reimers v. Frank B. Connet Lumber Co.,* 273 S.W.2d 348, 349 (Mo.1954), or entered a new judgment for plaintiff as and of the date of the original judgment, *Walton v. United States Steel Corp.,* 378 S.W.2d 240, 241 (Mo.App. 1964).

Section 408.040, RSMo 1978, allows interest "on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made . . . ." This case requires a determination of when payment was due plaintiff or, in other words, when we may deem that judgment was rendered.

Plaintiff relies heavily on *Senn v. Commerce-Manchester Bank,* 603 S.W.2d 551 (Mo.1980), as authority for his position that interest should accrue on a modified judgment from the date of the original judgment:

In most cases where a money award has been modified on appeal, and the only action necessary in the trial court has been compliance with the mandate of the appellate court, the view has been taken that interest on the award as modified should run from the same date as if no appeal had been taken, that is, ordinarily, from the date of entry of the verdict or judgment. It has been so held regardless

of whether the appellate court reduced or increased the original award.

*Senn v. Commerce-Manchester Bank,* 603 S.W.2d at 553 (quoting Annot. 4 A.L.R.3rd 1221, 1223 (1965).

■ The facts of the present case, however, differ significantly from those of *Senn.* There, the judgment which was modified on appeal was continuously in the plaintiff's favor from the time of the original judgment, and the judgment was not conditional in nature. In the present case, the judgment was in defendant's favor during the course of the first appeal. Contrary to plaintiff's contention, the Supreme Court's opinion and mandate did *not* reinstate the jury verdict and original judgment, which totalled $115,000. The opinion established plaintiff's right to recover as to Count I, but the amount of damages was not certain at the time of the Court's mandate. The Supreme Court approved, with modification, the trial court's conditional order granting a new trial on damages unless plaintiff agreed to a remittitur. Plaintiff could accept or refuse $1.00 actual and $50,000 punitive damages. If he refused, a new trial would determine the amount of damages. Rendering of judgment thus required more than the trial court's mere entry of an order following the Supreme Court opinion and mandate; it required an election by plaintiff. Since the sum was contingent upon that election, damages were unliquidated. Interest is generally not allowed on unliquidated damages because the person liable does not know the amount he owes and thus cannot be in default for not paying. *St. Louis Housing Authority v. Magafas,* 324 S.W.2d 697, 700 (Mo.1959); *Komosa v. Monsanto Chemical Co.,* 317 S.W.2d 396, 399 (Mo. banc 1958). The sum for which defendant was liable was not $115,000 as set by the jury or $53,175 as conditionally set by the trial court. Defendant owed either $50,001 as conditionally set by the Supreme Court or some unknown figure to be determined by a jury in a new trial. The sum was not ascertainable until plaintiff notified the court on January 14, 1982 of his election to accept $50,001 and to forego a new trial.

At that point, defendant could have tendered payment in an amount that would satisfy plaintiff's judgment; i.e., money was then due and payable. We therefore believe interest commenced as of that date plaintiff accepted the conditional order, allowing the trial court to render judgment in the sum of $50,001.

Since defendant has paid 9% interest for the period from February 8, 1982 to April 9, 1982, 9% interest on $50,001 remains to be paid for the period from January 14, 1982 to February 8, 1982. Plaintiff's request for damages for vexatious appeal is denied.

The judgment is reversed as to that portion allowing interest from September 6, 1978 and remanded to the trial court for modification of the judgment in accordance with this opinion.

SMITH and GAERTNER, JJ., concur.