Kyle J. KELLY, Plaintiff/Respondent,

v.

## BASS PRO OUTDOOR WORLD, L.L.C., Defendant/Appellant,

### No. ED99911.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2014.

Application for Transfer Denied April 29, 2014.

Michael A. Gerritzen, St. Louis, MO, for Plaintiff/Respondent.

Charles E. Reis IV, Frances S.P. Barbieri, St. Louis, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, Judge.

## Introduction

Bass Pro Outdoor World, L.L.C. (Appellant) appeals from the trial court's judgment ordering it to pay post-judgment interest on Kyle J. Kelly's (Respondent) reduced punitive damages award from the date of the original punitive damages judgment entered on May 4, 2006, instead of from the date the reduced amount of the judgment was entered on May 20, 2011. We affirm.

*Factual and Procedural Background*

On May 4, 2006, the trial court entered judgment on a jury verdict in favor of Respondent on his claim for wrongful termination against his former employer Appellant, awarding him $4,300.00 in actual damages and $2,800,000 in punitive damages.[1]

■ Appellant appealed the judgment on three grounds: (1) Respondent failed to make a submissible case for punitive damages; (2) the $2,800,000.00 verdict violated due process; and (3) Respondent failed to make a submissible case for wrongful termination because he did not have an objective reasonable basis for believing his supervisor committed a crime. On appeal, we reversed the punitive damages award amount as unconstitutionally excessive under *State Farm. Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)[2] and affirmed the judgment on all other grounds. See *Kelly v. Bass Pro Outdoor World, LLC*, 245 S.W.3d 841 (Mo.App. E.D.2007).[3] We remanded for reconsideration of a proper amount of punitive damages. *Id.*

After the remand by this Court for redetermination of punitive damages, Respondent made discovery requests to Appellant seeking information regarding its financials. Appellant filed a petition for a writ of prohibition with this Court asking us to bar the trial court from enforcing its post-trial discovery orders concerning Appellant's net worth. In *State ex rel. Bass Pro Outdoor World, L.L.C. v. Schneider*, 302 S.W.3d 103, 107–8 (Mo.App. E.D.2009), we stated:

> [T]he punitive damage award must be reduced to comply with due process requirements ... by what amount ... is an inquiry left for the trial court ... [and] the financial worth evidence obtained through pre-trial discovery and presented to the jury at trial sufficiently supported the jury's determination of a punitive damages award of $2,800,000, and will necessarily support a lesser punitive damages award that is consistent with constitutional due process requirements ... Respondent's mandate is to review the punitive damages award in light of the [*Campbell*] constitutionality factors...."

Accordingly, on May 20, 2011, the trial court reduced the amount of the punitive damages judgment according to our dictate and entered a "Judgment Amending Punitive Damages Award" awarding Respondent $650,000 in punitive damages. On June 17, 2011, Appellant again appealed the punitive damages award, which we affirmed in a *per curiam* order and memorandum on March 27, 2012. See *Kelly v. Bass Pro Outdoor World, L.L.C.*, 368 S.W.3d 244 (Mo.App. E.D.2012).

1. The jury returned a unanimous verdict in Respondent's favor and awarded him $4,300.00 in actual damages, and also found Appellant was liable for punitive damages. After a bifurcated hearing, the jury returned a verdict for $2,800,000 in punitive damages.

2. Courts review punitive awards using three factors: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive award; and (3) the difference between the punitive award and penalties authorized or imposed in comparable cases. *Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513. Each case must be assessed on its own facts and no court has imposed inviolable constitutional limits on the ratio between punitive and compensatory. *Scott v. Blue Springs Ford Sales. Inc.*, 176 S.W.3d 140, 144 (Mo. banc 2005).

3. After remand and mandate, on March 24, 2008, Appellant paid Respondent $4,300.00 in accord with the actual damages judgment entry on May 4, 2006 and $727.35 in post-judgment interest running therefrom, for a total of $5,027.35.

On January 25, 2013, Appellant paid Respondent $650,000 in punitive damages and $99,050.68 in post-judgment interest on that amount running from May 20, 2011 to January 31, 2013. Respondent filed a Motion to Assess Costs[4] contending that he was owed additional post-judgment interest on the punitive damages award for the time period from the date of the original judgment, May 4, 2006, to May 20, 2011. The trial court granted the motion and entered a judgment on March 22, 2013, ordering Respondent to pay additional post-judgment interest for the time period of May 4, 2006 to May 20, 2011. The court's March 22, 2013 judgment provides:

> The Court finds interest is owed from May 4, 2006, as opposed to May 20, 2011, and that interest is owed to January 28, 2013. It was agreed Defendant paid the punitive damages of $650,000.00 & interest of $99,050.68 by delivering a check on January 25, 2013 that cleared on January 28, 2013, which represents payment in full of the interest from May 20, 2011 through January 28, 2013. Court finds interest owed from May 4, 2006 to May 20, 2011 is $295,064.39 and enters Judgment for Plaintiff against Defendant in that amount. Defendant also to pay court costs.

In the instant appeal, Appellant claims the trial court erred in ordering it to pay interest from the May 4, 2006 judgment through May 20, 2011, because the judgment of May 4, 2006 awarding punitive damages was reversed, and thus there was no judgment for punitive damages on which interest could accumulate until the new judgment was entered on May 20, 2011.

*Standard of Review*

■ Determining the date from which post-judgment interest is due is a question of law that we review *de novo*. *Lindquist v. Mid Amer. Orthopaedic Surgery, Inc.*, 224 S.W.3d 593, 594–95 (Mo. banc 2007), *Lake v. McCollum*, 324 S.W.3d 481, 484 (Mo.App. W.D.2010). In reviewing an issue *de novo*, we do not defer to the trial court. *Lake*, 324 S.W.3d at 484.

*Discussion*

■ The imposition of any interest from the date of judgment until payment is fixed and determined by statute. *Robinson v. St. Louis Bd. of Police Com'rs*, 212 S.W.3d 165, 167 (Mo.App. E.D.2006). Section 408.040[5] provides in pertinent part:

> 1. Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made. . . .

Under this statute, post-judgment interest runs from the date the trial court entered judgment. *Lake*, 324 S.W.3d at 484; *Lindquist*, 224 S.W.3d at 595; *Johnson v. BFI Waste Sys. of N. Am., Inc.*, 162 S.W.3d 127, 129 (Mo.App. E.D.2005). In this case, after a jury trial, the trial court entered judgment in favor of Respondent and against Appellant for wrongful termination with actual and punitive damages on May 4, 2006. Appellant insists that since the May 4, 2006 judgment on the original punitive damages award was reversed and remanded for reconsideration, and a new judgment for punitive damages entered by the trial court on May 20, 2011, the appropriate date of judgment to consider for purposes of calculating post-judgment interest is not the May 4, 2006 re-

---

4. Respondent maintains his motion was mislabeled and should have read "Motion to Assess Interest on the Judgment."

5. All statutory references are to RSMo 2000, unless otherwise indicated.

versed judgment but the May 20, 2011 affirmed judgment.

We disagree. The judgment for Appellant's liability for punitive damages was never reversed, but only the cause was reversed and remanded with directions for the amount of the award to be reduced. Therefore, Respondent's judgment against Appellant in terms of Appellant's liability for punitive damages has stood intact since May 4, 2006. Only the amount thereof was affected by this Court's reversal and changed upon remand because it was excessive. That change is reflected in the fact that the interest is being calculated on the award of $650,000 and not $2,800,000. However, the interest still runs since the date Respondent secured his judgment of liability for punitive damages against Appellant, which has never been reversed. In fact, Appellant's payment of the actual damages award and post-judgment interest thereon, after its appeal to this Court, from the date of the May 4, 2006 judgment indicates Appellant's acknowledgement of its liability for Respondent's judgment against Appellant on his claim of wrongful termination and assessment of damages thereon since May 4, 2006. Likewise, Appellant's liability for a judgment of punitive damages to be paid to Respondent has never dissipated since May 4, 2006.

Appellant's statement in its brief that "the Court of Appeals reversed the May 4, 2006 Judgment to the extent it awarded one type of damages—punitive damages—and after the reversal, there was no judgment regarding punitive damages on which interest could accrue," is erroneous. This Court did not determine a judgment for punitive damages in this case was unwarranted because there was insufficient evidence to support such an award as a matter of law. To the contrary, we stated, "Based upon our review of the facts in the light most favorable to submission, we find

[Respondent] presented sufficient evidence to submit the issue of punitive damages to the jury." *Kelly,* 245 S.W.3d at 849. We then detailed the facts supporting Respondent's entitlement to punitive damages based on the maliciousness of Appellant's conduct and concluded, "All of this evidence, taken together, was sufficient proof of malice to submit the issue of punitive damages to the jury based upon [Appellant]'s outrageous conduct. [Appellant]'s first point is denied." *Id.* at 850. We further concluded, "Based on the foregoing, we affirm the trial court's judgment with respect to [Respondent's] claims for wrongful termination, the actual damages award, and punitive damages." *Id.* at 851.

All of the foregoing excerpts were culled from our opinion for the purpose of demonstrating that this Court never reversed Respondent's judgment for punitive damages to the extent that it no longer existed, as Appellant contends. Rather, this Court only found that the amount decided upon by the jury for its award of punitive damages was excessive in proportion to the amount of the actual damages awarded to call into question constitutional concerns under *Campbell,* and as such the award had to be reduced, and reversal of *the cause* was necessary *for remand* so the trial court could conduct proceedings to make that reduction. To these ends, we stated, "We reverse and remand the cause for further proceedings consistent with this opinion." *Kelly,* 245 S.W.3d at 851. The entire cause was remanded for recalculation of the amount of punitive damages. The judgment for punitive damages itself was left intact and we did not, as Appellant asserts, reverse the judgment to the extent it no longer awarded punitive damages. If there was no judgment for punitive damages after reversal, then there would be nothing for the trial court to reduce.

After remand, on May 20, 2011, the trial court reduced the amount of the punitive damages judgment according to our dictate and entered a "Judgment Amending Punitive Damages Award" awarding Respondent $650,000 in punitive damages. On June 17, 2011, Appellant again appealed the punitive damages award, which we affirmed in a *per curiam* order and memorandum on March 27, 2012 in *Kelly v. Bass Pro Outdoor World, L.L.C.,* 368 S.W.3d 244 (Mo.App.E.D.2012). We stated:

> Following our mandate, on remand the trial court applied the factors set forth in [*Campbell*], and accordingly *reduced* the jury's award from $2.8 million to $650,000. Bass Pro appeals again, asserting that the *amended award* is still unconstitutionally excessive ... we conclude that the trial court's *amended award* of $650,000 is not patently unconstitutional.... *In light of the jury's initial award,* we find no abuse of discretion in the court's *modified award.*

*Kelly,* 368 S.W.3d 244, memo. op. at 2, 6 (emphasis added). It is clear from this language that we affirmed the punitive damages award as modified for part of the sum which the jury initially awarded. Section 512.160.4 provides:

> Upon the affirmance of any judgment or order, or upon the dismissal of any case, the appellate court may award to the respondent such damages not exceeding ten percent of the amount of the judgment complained of as may be just, and *w hen such judgment shall be affirmed for part of the sum of which judgment was rendered by the trial court, such part of said judgment shall bear lawful interest from the date of the rendition of the original judgment in the trial court.*

(Emphasis added.)

■ This principle is not new. If the amount of a judgment is adjusted upward or downward by an appellate court, and likewise if the appellate court directs the lower court to adjust the amount of the judgment upward or downward, as in the instant case, post-judgment interest will run on the modified amount from the date of the original judgment, not from the date of the new judgment. *Ohlendorf v. Feinstein,* 670 S.W.2d 930, 936 (Mo.App. E.D. 1984); *Lindquist v. Mid–Am. Orthopaedic Surgery, Inc.,* 269 S.W.3d 508, 511 (Mo. App. E.D.2008). An appellate court merely modifying or directing that the amount of the judgment be modified is governed by this rule, *Lindquist,* 269 S.W.3d at 511, which is actually an exception to the general rule propounded by Appellant that "until the amount of damages becomes certain, no interest is generally allowable." *Ohlendorf,* 670 S.W.2d at 936.

The Missouri Supreme Court has similarly so held in *Senn v. Commerce–Manchester Bank,* 603 S.W.2d 551, 552 (Mo. banc 1980). In *Senn,* the Supreme Court ordered an original award reduced. After the award was reduced by the trial court, appeal was taken as to whether post-judgment interest should run from the date of the original judgment, or the date of the judgment reducing the award as directed by the higher court. The Supreme Court stated:

> [T]he original awards were reduced by setoff and the balance, as intended in our original decision, accrued for purpose of computing interest from the date of the original judgment. The trial court's action in this regard is consistent with the practice adopted in cases involving remittitur. See *Walton v. U.S. Steel Corp.,* 378 S.W.2d 240 (Mo.App. 1964). There, judgment was entered April 25, 1961, on a jury verdict for $136,000. Pursuant to motion challenging the verdict as excessive, the trial court ordered remittitur and plaintiff on July 7, 1961, remitted the sum of $46,000. Whereupon the court ordered the original verdict and judgment re-

duced and 'a new judgment be entered ... for the sum of $90,000, as and of April 25, 1961, the date of the original judgment.' This court affirmed in the original appeal, *Walton v. United States Steel Corp.*, 362 S.W.2d 617 (Mo.1962), but thereafter a dispute arose over the 'computation of interest due.' There, as here, plaintiff argued interest ran from the date of the original judgment while defendant contended interest was allowable only from the date of entry of the reduced judgment. The Court of Appeals held the trial court had 'power and authority to enter the new judgment as of the date of the original judgment ...' *Walton*, 378 S.W.2d at 242, and having so done the order is enforceable, adding: 'The amount remitted would appear to be nothing more than a credit on the original judgment.' *Id.* By the same token the trial court in the case at bar, quite properly under our mandate, made its order effective from the date of the original judgment.

*Senn*, 603 S.W.2d at 552. We find this same reasoning applies to the reduced punitive damages award in the case at bar, and thus post-judgment interest runs from the time of the original May 4, 2006 judgment entered upon the jury's verdict that Respondent was entitled to punitive damages, a judgment which was never overturned, but only ordered modified as to amount.

For the foregoing reasons, Appellant's point on appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.